Good morning, Your Honors. May it please the Court, my name is Tommy Strelka and I am here today to represent the appellant in this matter, Mr. John Massey. This is a case that asks this Court if a plaintiff timely files a Rehabilitation Act claim in state court and then takes a statutory voluntary non-suit, may that plaintiff then file his or her claim in federal court timeframe provided by that statute? The statute, the state statute is Virginia Code 8.01-380. The trial court, the lower court in the Western District of Virginia answered that question as no and dismissed this matter on a motion to dismiss filed by Virginia Tech. The merits of the case are not at issue. The issue of equitable polling is not at issue. Rather, the issue of statutory polling is at issue. Mr. Massey did file his lawsuit timely under the Rehabilitation Act statute limitations, which isn't provided within the federal statute. Like some other federal statutes, such as 42 U.S.C. 1983, it is a federal statute that borrows a state statute of limitations. Because Virginia has enacted an analogous disability discrimination law that has a one-year statute of limitations, that applies to the Rehabilitation Act. Mr. Massey timely filed within a year. He then followed all of the requirements to initiate notice of a voluntary non-suit. Whether or not he followed the statutory requirements of that non-suit is not disputed. The court, the state court, issued a non-suit dismissing the matter without prejudice. It was his first non-suit as it was his right to do that. The... Speak to Virginia court precedent. Yes, Your Honor. And their manner of handling this, particularly the question of subject matter jurisdiction. Your Honor, I'm sorry. Speak to the Virginia cases here and their implications insofar as do they not imply that this is a subject matter jurisdiction type issue? Right, Your Honor. Well, so where it comes down to, where it seems to come down to in following the analysis here, is whether or not there was exclusive jurisdiction under the federal, excuse me, the Rehab Act to file in federal court. There has, there's a presumption that there's concurrent jurisdiction in state and federal courts from the U.S. Supreme Court. There have been a host of, we've cited of other cases that have, other federal cases that have found there to be concurrent jurisdictions, a concurrent jurisdiction for the Rehab Act case. The U.S. Supreme Court has never found it. Is this, I'm trying to understand the argument in the context that you're going to ask the question. You're arguing that the Virginia court had subject matter jurisdiction because sovereign immunity did not apply. Yes. Sovereign immunity, Your Honor, is a defense that addresses the merits of the case. And to look at Supreme Court. Those are two different points, right? So one point is you're saying there is no sovereign immunity. And then the second point I understand you'd be making is that sovereign immunity is just a defense to adjudication on the merits. Yes. It's what's known as active jurisdiction. But you're also making the first one. You think the Virginia court had jurisdiction, whatever you want to describe it, in order to adjudicate the merits of the case. Your Honor, the state, first off, the issue of whether the state court had, um, whether or not it had, whether sovereign immunity applied to address the issues of the case was never addressed by the state court. I understand that, but we're trying to ask the question of whether the court had jurisdiction. Correct. Right. And if it did not, the effect of that. Right. And are you both arguing that sovereign immunity did not apply at all? Are you making that argument? No, Your Honor. Okay. The argument that we were making is that, um, a sovereign immunity defense truly attacks the merits of the case and, and it will prevent the merits of the case from being aired in front of the court. It's not subject matter jurisdiction. Correct. And so therefore, um, the, the non-suit statute was clearly enacted for a situation such as this, in which a litigant has filed in a court, um, without exclusive federal jurisdiction. Uh, there is no, uh, provision within the Rehab Act that says that the litigant must file in federal court. And the litigant has a statutory right under Virginia law to a non-suit as long as they follow the requirements of that, which he did. Doesn't it require, I mean, it requires an order by the court, right? You don't get a non-suit without an order by the court. Correct. You have to. And the, and the court has to have, at least it seems to me after McNamara and Waterman and the like, the court has to have subject matter jurisdiction to issue that order. Might not have to have personal jurisdiction. I'm not sure why that makes sense, but that seems to be what the court says. But it's got to have subject matter jurisdiction in order to issue that decision, to grant the non-suit, right? I mean, that's what Waterman and McNamara tell us. Right. Well, I mean, do you agree with that premise? I agree with that premise. Okay. And so, so tell me why, and, and let me ask a different premise. You also agree that the court in Aspel says sovereign immunity is subject matter jurisdiction. Yeah, I agree with that. Okay. So help me understand how those two don't inevitably lead to the conclusion that you need. Your Honor, because first off, the lower court did enter an order for the non-suit and that order was not contested. That order was not appealed by at the state court. But Singh tells us it's void ab initia, right? So if it, I mean, that's Virginia courts say, if you lack jurisdiction, it's void ab initia, right? So it is not voidable, it's void ab initia. So it's like it never happened. Like that's what Singh tells us. Right. But I, I have to, you know, plaintiff contends, what Massey contends, Your Honor, is that there has not been a court that has found that the Rehab Act has exclusive jurisdiction for federal court, that a court that, that, that when it was filed, that the state court clearly lacked jurisdiction. That's what Chauffeur says. And that's one of the cases that the district court relied on in adjudicating this. So why does it matter whether it was clear or not, right? If, if the district, if, excuse me, if the state trial court lacked jurisdiction, subject matter jurisdiction, maybe not personal, but at least subject matter jurisdiction. And Virginia courts have told us they lack the authority to issue a non-suit order. And Singh tells us that any such order is void ab initia, right? It's like it never happened, which means for us, it's like it never happened. And so it does not toll your statute. I'm just having a hard time understanding where, which, which piece of that lane is, is where you think your argument lies, right? Right. Well, again, Your Honor, my response to that is that order was entered and never contested at the trial court. And then this issue of jurisdiction and this, about that court's jurisdiction, not the federal court, but the issue of that court, the state court's jurisdiction. We are clear that we're talking about subject matter jurisdiction. Right. Correct. Correct. Your Honor. But my point is, is that. So what does it matter if you object or not object or bring it up? What, what difference that makes. There's an argument that from the trial court and from the, from the appellee that the plaintiff waived these arguments. You can waive subject matter jurisdiction. No, the, the, excuse me, the appellee indicated that the appellant and the court agreed that the appellant waived the argument as to the jurisdiction. The only argument that was advanced in the brief, excuse me, in the motion for dismissal by the appellee in this case initially was whether or not he had timely filed his rehab act claim. Not whether there was jurisdiction, not whether anything was exclusive subject matter jurisdiction, these arguments weren't included in the motion to dismiss. Does it have to be if the court lacks subject matter jurisdiction and appears on its face, do they have to make that argument? Well, if I'm just, I'm, I'm, this is an argument that the appellee raised in their, in their motions in briefing, Your Honor. And the plaintiff contends that it's irrelevant to the facts at hand. But in any event, we get to the hearing in the court and this, this did come up, the jurisdiction of the matter. It's the plaintiff's contention that the non-suit statute was enacted by the General Assembly for cases in which a plaintiff may have filed a matter of non-exclusive federal jurisdiction in state court and may, if it's their first one and they meet the statutory requirements, issue that notice of a non-suit, which is their right, and the court then entered that order, that order was not appealed or contested. And then it was a timely filing in federal court. The chauffeur cases, excuse me, the chauffeur case as... So just so I understand. So, I mean, that, that might be like a plausible reading of the non-suit statute. Might. But except the challenge that we've got, right, that doesn't... So if they intended it to do all that, great. But the Virginia Supreme Court has told us if you lack subject matter jurisdiction, you can't issue such an order, right? And then, and then Asphalt, I'm not trying to beat a dead horse, right? But like, and Asphalt tells us subject matter jurisdiction. And so I'm just having trouble understanding where in that chain is your, is your rub? Yeah, Your Honor. Well, our response is that state courts are courts of general jurisdiction, and that the matter was the non-suit order was entered, it wasn't contested, and everything was timely filed. And, you know, our briefing has highlighted numerous cases in which there's been concurrent jurisdiction for rehab act cases within the state and federal courts. And that this type of situation was, has been contemplated. The, Your Honor, if I'd like to mention some other arguments here. The, Appley has mentioned, I mentioned the Schoepfer case, that's an ERISA case, that is in a case of clear exclusive jurisdiction in which you must file within federal court. They've also highlighted the Woodson case. The Woodson case is a case that arises under the jurisdiction. There's never been a case in which the U.S. Supreme Court or federal court has indicated that the Rehab Act has exclusive jurisdiction to federal court. The Schoepfer court itself acknowledged that when a state statute of limitation applies, a court must also apply state principles of tolling those limitations. As to apply that reasoning here, the tolling, the statutory tolling would apply. The U.S. Supreme Court has said that litigants have frequently had the right to take benefits of state tolling statutes in cases arising under other federal statutes, such as 42 U.S.C. 1983, federal statute with a state statute of limitations. And again, sovereign immunity may divest the state court of what is known as active jurisdiction, but not potential jurisdiction. And this means that sovereign immunity would theoretically present, prevent a court from hearing the merits, but it has no bearing on whether a court may enter a non-suit. And that is our argument. Thank you. Thank you. Thank you. All right, we'll hear from the appellee before you proceed. Judge Traxler, did you have any questions? No, Judge Wynn. Thank you. Good morning, Your Honors. May it please the Court, Annie Chang, Assistant Solicitor General to the Commonwealth of Virginia on behalf of Appellee Virginia Tech. With me at council table is Erica Maley, Principal Deputy Solicitor General. Parties agree that Appellant Massey filed his federal claims in federal court outside of a one-year statute of limitations. Those claims are thus untimely unless they're told. The only question before this Court is whether Massey's claims were told due to the state court's non-suit order of Virginia equivalent to a Rule 41A voluntary dismissal. This Court should hold that those claims were not told due to the state court's non-suit order because that state court had no subject matter jurisdiction. And here's why. Massey has conceded in his briefs and in oral argument at this point that Virginia Tech had sovereign immunity in the state court proceedings. As Judge Richardson has noted, the Supreme Court of Virginia in Abseil versus Commonwealth has held that where sovereign immunity applies, that court has no subject matter jurisdiction. So can I stop you there? Because I did say it earlier, but I'm not so sure that that's right. And so I want you to help me a little bit because as recently as 2022, the Virginia Supreme Court in Farmer and then relying on its earlier case in Teachee held open the question of whether sovereign immunity is a question of subject matter jurisdiction or personal jurisdiction. And it says we need not decide that question here. And the Virginia Court of Appeals, including I think Data General and Murray and Indian Tribe holds the opposite. It says given the Supreme Court's not deciding it, quote, um, sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction. And so I'm in a little bit of a hard spot, right, because I've got the Virginia Supreme Court, maybe in dicta in Asphalt, saying it's subject matter jurisdiction. But I've got the Virginia Courts of Appeals, who are persuasive, not binding, obviously, but persuasive, telling me no, no, no, the Virginia Supreme Court hasn't answered this question. And instead, we've answered it in calling it personal jurisdiction. Help me understand how I square those two. Your Honor, I would say, first of all, as you've pointed out, the Court of Appeals in Virginia is not binding. And we would contend, actually, that that is a holding in abseil, that sovereign immunity deprives the court of subject matter jurisdiction. And I recognize that some law... It's only limited, Asphalt only says that it's subject matter jurisdiction, meaning it's non-waivable, right? And so it's subject matter jurisdiction, so that it can be raised at this point. It doesn't necessarily mean it's subject matter jurisdiction in the way that we might think of it in a federal court setting. Sure, but the Supreme Court of Virginia in McManama has also held that you need subject matter jurisdiction for the non-suit order to have the collateral effect of tolling. And I think... That's totally true. The question is whether sovereign immunity is one of those types of orders or not. And I think that we look at abseil versus commonwealth to say that sovereign immunity is. And I would contend that because sovereign immunity in the state of Virginia is not waivable, except for parties can raise it for the first time on appeal, which abseil versus commonwealth stated, and also that it can only be abrogated and waived by the legislature through a policymaking authority act, that it is the subject matter jurisdiction that matters. But what do I do with the Virginia Supreme Court in 2022 saying, we haven't answered the question of whether it's personal jurisdiction or subject matter jurisdiction, and we need not do so here, right? And I mean, we're charged, I think, with anticipating what the Virginia Supreme Court would say in this context. And I've got conflicting messaging, right? Abseil seems to suggest it's subject matter jurisdiction, right? You then have at least the question being held open in former. And so I'm not sure what to do with that, right? Does that open it up for us to try to figure out and really just anticipate what the Virginia Supreme Court would do? No, Your Honor. I don't think that this court needs to anticipate what the Virginia Supreme Court needs to do. I think it just looks at abseil versus commonwealth and it's held. And also with McManama, it's clear in the non-suit context, putting those two together, that sovereign immunity deprives the court of subject matter jurisdiction, which then deprives the court of the ability to issue a non-suit order with the tolling effect in subsequent proceedings. And I would also like to turn to, I guess, the benefits of a non-suit order in Virginia courts. The first benefit that a litigant would get is the dismissal without prejudice. And that's a true tangible benefit. Massey, in this case, received that benefit because in the state court proceedings, the sovereign immunity issue was completely briefed in full. And the court actually had that subsequent court that were dealing with the collateral effect of tolling in this case, rather than through appeal or in the trial court, because there's no requirement in state courts in Virginia to address the sovereign immunity or subject matter jurisdiction issue to issue a non-suit order. Wait, say that one more time. There's no requirement that they address? The sovereign immunity plea or the subject matter jurisdiction issue before a non-suit order. And that makes sense because a non-suit order is not a decision on the merits. It's simply a dismissal without prejudice, much akin to a rule 41A volunteer dismissal. So it would just make sense that a court, the trial court, would not decide the sovereign immunity issue and why we're dealing with it in the subsequent filing in federal court. A court that doesn't have subject matter jurisdiction can enter an order. I'm sorry, Your Honor? A court that does not have subject matter jurisdiction can enter an order. In this case, it is called a non-suit order, but it's equivalent or analogous to, in Virginia, a rule 41A dismissal where you don't address the subject matter jurisdiction issue. There's matters lingering before the court. Wouldn't we, in federal court under Steel Code, wouldn't we have to address our subject matter jurisdiction? Maybe that doesn't apply in Virginia, but you keep bringing up rule 41. Could we issue a rule 41 order where we had a pending subject matter jurisdiction motion? It seems like to me Steel Code would tell us that, no, you've got to address jurisdiction before you address a rule 41 motion. That's the sort of order of operations that we have. I think where the parties, under rule 41A, it is not a rule 41A dismissal, but it's... I know, but we're analogizing it, so I'm trying to play that out in federal court. I don't care if the parties agree. The point is, if the parties agree to rule 41 and I lack subject matter jurisdiction, I can't grant a rule 41 motion. That's what Steel Code tells us. We've got to do jurisdiction first. Right? In Virginia, there's no requirement to resolve that issue beforehand, and it makes sense because it would be a waste of judicial resources to require a court to first address that when the plaintiff... No, but it's also a waste of judicial resources to decide whether we have the power to make a decision before making the decision. But the very nature of a court is that it only makes decisions where it has that power. What is the source of your position that Virginia approved its trial courts making decisions where it lacks the power to do so? Has the Virginia Supreme Court said that its trial courts can make decisions without jurisdiction? No, we're not pointing to any Virginia Supreme Court. Where is it? You keep saying, in Virginia, if you're a trial court judge, you can just make decisions. You don't have to decide whether you have power to do so. What's the basis for that claim? I don't think we're broadly saying that Virginia courts can decide anything before they decide whether they have the power to do so. I think in the context of the non-suit order in the statute, it tells the court to simply dismiss the case on the plaintiff's motion, and those are the requirements. Right. But what's the... Help me understand what I look to if I wanted to write the sentence that you've given in an opinion that says there's no requirement... I'm trying to quote you, but you can rephrase it. There's no requirement that a Virginia trial court address a pending subject matter issue before granting a non-suit. What am I citing for that proposition? I think you would be citing, one, the fact that state courts have said that plaintiffs have an absolute right to a non-suit. You would cite also the statutory text that requires a court to simply dismiss on the plaintiff's motion unilaterally. But why do either of those support the proposition, right? You can have absolute right to something, but you still have to have jurisdiction, right? Neither of those seem to support the claim that the Commonwealth is making that a trial court judge can ignore a subject matter motion in order to grant a non-suit without the power of jurisdiction. I mean, it just seems like a remarkable claim for the Commonwealth to make. I think to put it into context, you wouldn't... A court would not examine whether that issuing court had subject matter jurisdiction until after the fact because you would only examine that fact where you look at whether tolling applies and you're looking at if that non-suit order would give you tolling. That's when you peek at the motions and determine. But that suggests to me that you're actually saying that the trial court has the power to grant the non-suit. I mean, that's his argument, right? You're saying, no, no, no, you don't have to address the subject matter. You can just issue the order. The trial court just gets to issue the order. The trial court has the ability to simply dismiss. Yes. Simply dismiss. I don't know what the word dismiss means. Dismiss the case without prejudice. Do we grant a non-suit or do you mean dismiss? That's what granting a non-suit does. It's simply dismissing it from the docket on the plaintiff's motion. So you agree that the We agree that on the plaintiff's motion, the trial court had the ability to simply dismiss without prejudice, correct, and grant the non-suit. Then what is your argument? Because if they had that power to do so, we tend to refer to that power as having subject matter jurisdiction, right? So if it had subject matter jurisdiction, then the claim is tolled because the non-suit tolls the statute. We're arguing that that non-suit has no collateral effect of tolling the non-suit. So you agree with counsel on the other side of the non-suit argument? Sorry? You agree with counsel that there was a non-suit properly interviewed? Well, we're saying that that non-suit order, it's not a, it's not, it does not address the merits. It's not a ruling on the merits. It the court doesn't need subject matter jurisdiction to simply dismiss a claim there. But you have two different types of non-suit court. Is that what you're saying? No, I'm saying that a non-suit order is a dismissal without prejudice. It's not a ruling on the merits. You say that happened in this case. Yes. Isn't that exactly what he's arguing? I don't think that he's arguing that a non-suit order. That it told the statute? No, we're saying it would not toll a statute of limitations because the issuing court had no subject matter jurisdiction. But you've just said that... I think we're a little confused in terms of the direction you're going. Can you go back to this point? So is there authority for the proposition that a Commonwealth court can issue a non-suit where it lacks the power to do so? I think the authority that you look at, or I wouldn't call it authority, but to frame it in your owner's minds, it's simply a dismissal. It's not a ruling on the merits. So the court... So why does the, why does a Commonwealth court have the power? You can call it authority. You can call it subject matter jurisdiction. You can pick your word. But how does it have the power to dismiss a case where it lacks that power? I mean, your argument seems to just be a circle, right? Either it has the power to issue the order or it lacks the power to issue the order. We call that subject matter jurisdiction. We call it authority. We call it power. It doesn't matter to me, right? But either it has that authority or it doesn't. And you've suggested that repeatedly that it has that authority. If it has that authority, then it tolls the statute. Well, for our case, our purposes, we're not saying that the court was correct to grant the non-suit. We're saying that there's no tolling and it did not need to reach the question of jurisdiction. All right. One more time. Can you explain to me why it did not need to reach the question of jurisdiction? It did not need to reach the question of jurisdiction because the ruling was not on, there was no ruling on the merits. And your view is that a commonwealth court can issue any ruling it likes so long as it's not on the merits? Our position is here that the court was correct to grant the non-suit. Rephrase the question. Can, in the commonwealth's view, a commonwealth court issue any order it wishes so long as it does not address the merits? I don't think that we are addressing the question. I'm asking the question. So that's the question I'm asking. I think what we're saying is in this case... I understand in this case, I'm asking the question though, right? Is the commonwealth's view that a commonwealth court can issue any order it wants to as long as it's not on the merits? That's a totally reasonable position, by the way, right? I mean, there's a theory that says, listen, the subject matter power of the merits. And as long as you're doing ancillary or preliminary matters, right, that those issues can be done separately, right? You think about forum non-convenes in the steel coat context. Totally a reasonable view. I didn't understand that to be the commonwealth's position, but that's what I'm trying to understand. Is that your position? Is your position that subject matter only limits the power of a commonwealth court to issue a decision on the merits? Or does it also limit the power of a commonwealth court to do ancillary matters, such as grant a non-suit? We're taking the position that it does not prevent a court from issuing ancillary matters. So not having subject matter jurisdiction does not... Let's look at your brief on page 17 and 18, where you say the non-suit order was void of initiative. What did you mean? We were taking that from Singh B. Mooney, the Supreme Court of Virginia has held that order... That's not what you argued today. You're telling us the opposite now. Well, we're talking about the effect of the non-suit order. That's the main question. I don't know where that distinction lies. The distinction... It's a non-suit order, it has an effect... Collateral effect. And you say the court, the fact that it lacks subject matter jurisdiction, and that arises from the fact that you've got sovereign immunity to the Rehabilitation Act claims, and the court lacks subject matter jurisdiction. If you start with that basis there, but you say you don't need to get there, the court doesn't even need to decide that. They can just go ahead and grant a non-suit order, which is what? The other side is pursuing because if it can grant a non-suit order, then it leads you to the conclusion a non-suit order will tow the statute of limitations. Therefore, he's in court proper. So I don't know what this collateral business is or the effect of it in terms of the non-suit order. That sounds a little complicated. Even when you're dealing in a Rule 41 perspective, I don't know this distinction of the effect and all of that, but a non-suit order is a non-suit order. If it's a non-suit order, then it tows the statute of limitations, especially if it's without prejudice. There's a reason it's without prejudice. So where is this going? Well, the reason that it's without prejudice, it gives the party ability to start on a blank slate, but that doesn't necessarily mean it gives the party the ability to tow the claims. I think it's two separate effects. Well, but it gives the party anything. So if the court had the power to do it, we know that it gives them tolling, right? That's what the statute says. If it's a non-suit order, it tolls. The question we have is whether it's a real non-suit order. So the statute of limitations runs out after it comes. You've got that tolling period because it says without order that allows you to come back with it. So a couple of things, Your Honor. One, we're not saying that the court was correct to grant the non-suit. We're not saying that. We're saying that it didn't have to reach the question of jurisdiction. The other part that we're, the issue that we're discussing is that the non-suit order had no tolling effect because when the subsequent filing happened, you look back at the non-suit order or the court's action and you determine whether it was, as we said, valid and whether it has a tolling effect. And I don't think the statutes necessarily get us all the way there, but the Supreme Court of Virginia has, in McManama v. Funk, where it discusses that without subject matter jurisdiction, the non-suit order does not toll the proceedings or toll the proceedings. Thank you for your argument. Thank you. I'm going to assume you're going to start by adopting her argument. Yeah, there's some points to it that I agree with. As it relates to the Asphill case, Your Honor, that matter, it characterizes subject matter jurisdiction as the ability to adjudicate a matter. Virginia courts have held that a non-suit is not an adjudication of the matter. Therefore, you can draw a line between these two things. Which is the point she was just making, right? She was arguing just that, right? You can't do the merits, but you can do anything else you won't do. What I heard my colleague say was the court doesn't have to reach the issue of jurisdiction. In other words, that the order can just be entered. That's the case, and the order is entered and tolling applies. This is a case in which all of the statutory prerequisites of the non-suit were met. McNamara says that a trial court may not place limitations on the plaintiff's right to the voluntary non-suit, which are not found in the statute itself. The Supreme Court of Virginia has not affirmatively, clearly established that the plaintiff is barred in this case. And for that matter, this matter must be reversed. The plaintiff timely filed and followed all the prerequisite steps. The court had the authority to issue an order dismissing it without prejudice pursuant to the non-suit statute to allow the plaintiff to refile. Do you have any other questions already? Judge Streichler, any questions? Thank you. Thank counsel, both counsel for your arguments today. We will come down and break counsel and adjourn court until tomorrow's ceremony session this afternoon. That's all before extended adjourn until this afternoon.
judges: James Andrew Wynn, Julius N. Richardson, William B. Traxler Jr.